EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| Miguel Ángel Rosario Perales<br><br>Peticionario<br><br>v.<br><br>Departamento de Corrección y Rehabilitación<br><br>Recurrido | 2025 TSPR 145<br><br>217 DPR ___ |

Número del Caso: MC-2025-0048

Fecha: 19 de diciembre de 2025

Materia: Resolución del Tribunal con Voto Particular Disidente.

Este documento está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal Supremo. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

|  |  |  |
|---|---|---|
| Miguel Ángel Rosario Perales<br><br>Peticionario<br><br>v.<br><br>Departamento de Corrección y Rehabilitación<br><br>Recurrido | MC-2025-0048 |  |

RESOLUCIÓN

En San Juan, Puerto Rico, a 19 de diciembre de 2025.

Examinado el escrito presentado por el Sr. Miguel Ángel Rosario Perales, se declara no ha lugar.

Lo acordó el Tribunal y certifica el Secretario del Tribunal Supremo. El Juez Asociado señor Estrella Martínez emitió un Voto particular disidente al cual se unieron la Jueza Presidenta Oronoz Rodríguez y el Juez Asociado señor Colón Pérez. El Juez Asociado señor Martínez Torres emitió la siguiente expresión a las que se une la Jueza Asociada señora Pabón Charneco:

> El Art. 11 del Plan de Reorganización Núm. 2-2011, conocido como el Plan de Reorganización del Departamento de Corrección y Rehabilitación, según enmendado por la Ley Núm. 66-2022, 3 LPRA Ap. XVIII, es bien claro al establecer que las personas elegibles a las bonificaciones dispuestas allí son las que estén "disfrutando de libertad bajo palabra..." y no a las que en el pasado la disfrutaron pero perdieron el beneficio. El texto de la ley es diáfano. No es necesario que este Tribunal repita o aclare lo que la ley dispone expresamente. Tampoco podemos cambiar su significado. El peticionario nunca ha aclarado cuándo disfrutó del beneficio de la

libertad bajo palabra, pero sí afirma que al presente está encarcelado cumpliendo una condena de 99 años de prisión. Eso le da derecho a bonificaciones conforme a la Ley Núm. 27-1989 y no a las dispuestas en la Ley Núm. 66-2022. Eso fue lo que el Departamento de Corrección y Rehabilitación resolvió y lo que luego confirmó el Tribunal de Apelaciones. Por eso, voto para denegar la expedición del auto de certiorari.


                    Javier O. Sepúlveda Rodríguez
                    Secretario del Tribunal Supremo

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | | |
|---|---|---|
| Miguel Ángel Rosario Perales<br><br>Peticionario<br><br>v.<br><br>Departamento de Corrección y Rehabilitación<br><br>Recurrido | | MC-2025-0048 |

Voto particular disidente emitido por el Juez Asociado Señor ESTRELLA MARTÍNEZ, al cual se unen la Jueza Presidenta ORONOZ RODRÍGUEZ y el Juez Asociado Señor COLÓN PÉREZ.

En San Juan, Puerto Rico, a 19 de diciembre de 2025.

A pesar de este mandato expreso de la Asamblea Legislativa en torno a que los convictos que estén disfrutando de libertad bajo palabra **también** son acreedores de las bonificaciones, estas no se están concediendo. Según información que ha trascendido, esto es así al haberse interpretado por la Rama Ejecutiva que los programas son distintos y mutuamente excluyentes. Además, se ha manifestado que existe un asunto de carácter administrativo que hasta el presente ha impedido que se concedan las referidas bonificaciones: que la Junta de Libertad Bajo Palabra no tiene dentro su estructura administrativa comités de clasificación y tratamiento como existen en las instituciones correccionales.

. . . . . . . .

Entender lo contrario no solo es un absurdo, pues quien puede lo más puede lo menos, sino que también impide reducir eficientemente los gastos por confinamiento. Si una persona está disfrutando del privilegio de libertad bajo palabra es porque ha cumplido con todos los requisitos exigidos para ello y con las condiciones dispuestas en su mandato de liberación. Es insostenible

que muchos convictos prefieran quedarse recluidos dentro de alguna institución correccional en lugar de extinguir su sentencia en la libre comunidad, buscando su máxima rehabilitación, solo por razón de poder extinguir más rápido su sentencia haciendo uso del mecanismo de las bonificaciones. Exposición de motivos de la Ley Núm. 66-2022. (Negrilla suplida).

En esta ocasión, este Tribunal tuvo la oportunidad de atender las divergencias interpretativas que existen entre los foros administrativos y judiciales, la comunidad jurídica y la sociedad en general, en torno a las disposiciones relacionadas con las bonificaciones a las rebajas de sentencia de una persona que se encuentra confinada al amparo del Plan de Reorganización Núm. 2-2011, *infra*, y sus respectivas enmiendas. Ello incluía, en particular, la interpretación de la Ley Núm. 87-2020, *infra*, así como de la Ley Núm. 66-2022, *infra*; esta última ley, en lo concerniente a la aplicación de tales bonificaciones a las personas que participan del Programa de Libertad Bajo Palabra.

Nos encontramos, por tanto, ante un asunto de estricto derecho que exige aclarar el marco normativo aplicable y así evitar inconsistencias en su futura aplicación. No obstante, una mayoría de este Tribunal decidió no expedir el recurso de epígrafe. Al no estar de acuerdo con ese curso de acción, respetuosamente disiento.

Con este breve trasfondo, procedo a exponer los hechos procesales que enmarcan la controversia.

I

Como trasfondo del asunto ante nuestra consideración, el 3 de abril de 2024, el Sr. Miguel Ángel Rosario Perales (señor Rosario Perales o peticionario) presentó ante el Departamento de Corrección y Rehabilitación (DCR o parte recurrida) una solicitud de remedio administrativo para que se le aplicaran las bonificaciones de rebaja de sentencia que, a su entender, le corresponden al amparo de la Ley Núm. 66-2022, *infra*, por el tiempo en el que estuvo en el Programa de Libertad Bajo Palabra, al considerar que estas no se les adjudicaron en su hoja de liquidación de sentencia.

En respuesta, el DCR determinó que, de acuerdo con la Ley Núm. 66-2022, *infra*, las personas convictas que disfrutan de los beneficios concedidos por la Junta de Libertad Bajo Palabra (JLBP) tienen el derecho a recibir las bonificaciones establecidas por concepto de buena conducta, asiduidad, trabajo, estudio, entre otros. Señaló, además, que estas bonificaciones serían aplicables retroactivamente a toda convicción emitida bajo la vigencia de cualquier Código Penal, así como bajo leyes especiales, en beneficio de la población liberada por la JLBP. A tales efectos, concluyó que, como el peticionario no cumplió con el requisito de encontrarse en libertad bajo palabra, no era elegible para recibir las bonificaciones que dispone la Ley Núm. 66-2022, *infra*, y que, en su lugar, se le

aplicarían aquellas previstas en la Ley Núm. 27-1989, *infra*.

Inconforme con esta determinación, el señor Rosario Perales acudió al Tribunal de Apelaciones mediante un recurso de revisión judicial en el cual reiteró los planteamientos que presentó ante el DCR.

De igual manera, el foro apelativo intermedio determinó que el peticionario es elegible para recibir las bonificaciones por buena conducta bajo la Ley Núm. 27-1989, *infra*, no bajo la Ley Núm. 66-2022, *infra*. Fundamentó que esta última disposición legal no constituye una bonificación adicional a las ya concedidas a través del Plan de Reorganización Núm. 2-2011, *infra*. Por el contrario, precisó que la Ley Núm. 66-2022, *infra*, es una enmienda de carácter aclaratorio al Plan de Reorganización Núm. 2-2011, *infra*, con el fin de reconocer que sus beneficios también aplican a las personas que disfrutan de libertad bajo palabra. Por tales fundamentos, confirmó el dictamen del DCR.

En ese contexto, el 4 de agosto de 2025, el peticionario presentó, por derecho propio, una petición de *Certiorari* ante este Tribunal. En síntesis, alegó que el DCR no tomó en consideración que desde el 1980 cumple una sentencia de noventa y nueve (99) años de cárcel impuesta bajo el Código Penal de 1974, y que resulta evidente que la Ley Núm. 66-2022, *infra*, le es aplicable de forma

retroactiva. Además, argumentó que, conforme al principio de favorabilidad, esta ley le aplica, por entrar en vigor luego de los hechos que dieron lugar a su condena y serle favorable.

Por todo ello, el señor Rosario Perales solicitó que se le ordenara a la parte recurrida bonificarle el tiempo que estuvo en libertad bajo palabra. Sin embargo, su petición de *Certiorari* fue denegada por una mayoría de este Tribunal.

Como señalé previamente, al no coincidir con el curso de acción adoptado por este Tribunal, respetuosamente disiento. A mi juicio, correspondía expedir el presente recurso y atender un asunto de estricto derecho. Veamos.

II

En cuanto a la controversia de autos, resulta importante mencionar, en primer término, el Plan de Reorganización Núm. 2-2011, conocido como el Plan de Reorganización del Departamento de Corrección y Rehabilitación, 3 LPRA, Ap. XVIII *et seq*. En esencia, esta disposición legal constituye <u>la nueva ley orgánica vigente del DCR.</u> Mientras tanto, la Ley Núm. 27-1989, 4 LPRA ant. secs. 1161-1162, a la que hacen referencia tanto la parte recurrida como el Tribunal de Apelaciones en sus respectivos dictámenes, consistió en <u>una enmienda a la anterior ley orgánica del DCR</u> del año 1974, la cual estuvo vigente hasta el 2011: la Ley Núm. 116 de 22 de julio de

1974, anteriormente conocida como la Ley Orgánica de la Administración de Corrección, 4 LPRA ant. sec. 1101 *et seq.* (derogada).

El Plan de Reorganización Núm. 2-2011, *supra*, establece, entre otras cosas, el <u>modo</u> en que deben aplicarse las bonificaciones por concepto de buena conducta, asiduidad, trabajo, estudio y otros servicios a la población correccional de Puerto Rico. A continuación, procedo a analizar las disposiciones legales que resultan pertinentes al asunto bajo consideración.

En lo aquí material, el Art. 11 del Plan de Reorganización Núm. 2-2011, *supra*, contempla lo siguiente en relación con las <u>bonificaciones por buena conducta y asiduidad</u>:

> **Toda persona sentenciada a cumplir término de reclusión en cualquier institución, antes de la vigencia del Código Penal de Puerto Rico de 2004,** que esté disfrutando de un permiso concedido a tenor con lo dispuesto en este Plan **o que se encuentre recluida en cualquier entidad gubernamental** o privada **como parte de un programa de rehabilitación, o** disfrutando de libertad bajo palabra concedida por la Junta de Libertad Bajo Palabra, **y que observare buena conducta y asiduidad, tendrá derecho a las siguientes rebajas del término de su sentencia,** las cuales se computarán desde su admisión a la institución de que se trate o desde que se concede la libertad bajo palabra:
>
> […]
>
> **(b)** por una sentencia de 15 años o más, 13 días por cada mes.
>
> […]

**Toda persona sentenciada a cumplir término de reclusión en cualquier institución, con posterioridad a la vigencia del Código Penal de Puerto Rico de 2004,** que esté disfrutando de un permiso concedido a tenor con lo dispuesto en este Plan, **o que se encuentre recluida en cualquier entidad gubernamental** o privada **como parte de un programa de rehabilitación, que observare buena conducta** y asiduidad, **tendrá derecho a las siguientes rebajas del término de su sentencia,** las cuales se computarán desde su admisión a la institución de que se trate:

**(d)** por una sentencia de 15 años o más, 7 días por cada mes.

[…]

Se excluye de las bonificaciones que establece este Artículo toda condena que apareje pena de reclusión de noventa y nueve (99) años… conforme establecen el Código Penal de 1974, de 2004 y el Código Penal vigente, la condena impuesta en defecto del pago de una multa y aquella que deba cumplirse en años naturales.

**Toda persona sentenciada a cumplir término de reclusión de noventa y nueve (99) antes del día 20 de julio de 1989… conforme al Código Penal derogado, será bonificado como lo estipula el inciso (b) de este Artículo…**

[…]

Queda excluida de los abonos que establece este Artículo, toda convicción por [delitos sexuales]… según han sido tipificados en el Código Penal de Puerto Rico.

Las rebajas de términos de sentencias dispuestas en este Artículo por buena conducta y asiduidad, **aplicarán a toda persona sentenciada a cumplir término de reclusión bajo cualquier Código Penal de Puerto Rico** o delito cometido bajo cualquier ley penal especial que en sus disposiciones no las excluya, **independientemente se encuentre dentro de una institución correccional o** esté cumpliendo el restante de su sentencia de reclusión a través de un permiso concedido a tenor con lo dispuesto en este Plan **o que se encuentre recluida en cualquier entidad gubernamental o**

**privada como parte de un programa de rehabilitación o se encuentre disfrutando de libertad bajo palabra.**

[…] (Negrilla suplida). Art. 11 del Plan de Reorganización Núm. 2-2011, *supra*.

Por su parte, el Art. 12 del Plan de Reorganización Núm. 2-2011, *supra*, regula la aplicación de las bonificaciones por trabajo, estudio y otros servicios, disponiendo expresamente que:

**A toda persona sentenciada a cumplir pena de reclusión por hechos cometidos con anterioridad o bajo la vigencia del Código Penal de Puerto Rico vigente,** en adición a las bonificaciones autorizadas en el Artículo anterior, el Secretario o el Presidente de la Junta de Libertad Bajo Palabra, según aplique, podrán conceder bonificaciones a razón de no más de 5 días por cada mes en que el integrante de la población correccional o liberado por la Junta de Libertad Bajo Palabra esté empleado en alguna industria o que esté realizando estudios como parte de un plan institucional, bien sea en la libre comunidad o en el establecimiento penal donde cumple su sentencia, y preste servicio a la institución correccional durante el primer año de reclusión. Por cada año subsiguiente, podrá abonarse hasta 7 días por cada mes.

[…] (Negrilla suplida). Art. 12 del Plan de Reorganización Núm. 2-2011, 3 LPRA, Ap. XVIII, Art. 12.

De acuerdo con lo antes citado, del Art. 11 del Plan de Reorganización Núm. 2-2011, *supra*, se desprende que las bonificaciones por buena conducta aplican a toda aquella persona que: (1) haya sido sentenciada a un término de reclusión antes o después de la vigencia del Código Penal de 2004 —es decir, esencialmente, a cualquier persona que esté cumpliendo condena de cárcel bajo cualquier código

penal—; (2) se encuentre disfrutando de un permiso concedido con arreglo al Plan de Reorganización Núm. 2-2011 o se encuentre recluida en una institución gubernamental o privada como parte de un programa de rehabilitación o se encuentre disfrutando de libertad bajo palabra concedida por la JLBP; y (3) mantenga buena conducta y asiduidad. Bajo estas condiciones, la persona tiene derecho a recibir rebajas en el término de su sentencia.

Ahora bien, al examinar el historial de enmiendas al Art. 11 del Plan de Reorganización Núm. 2-2011, *supra*, resulta especialmente relevante la Ley Núm. 87-2020, 3 LPRA, Ap. XVIII, Art. 11. Esta disposición legal enmendó el Art. 11 con el propósito de "extenderle a toda la población penal de Puerto Rico, sin considerar el Código Penal bajo el cual fueron sentenciados y cumplen condena, la oportunidad de recibir las bonificaciones por buena conducta y asiduidad, sujeto a las excepciones y porcentajes de acumulación preceptuados en dicho Artículo". Exposición de Motivos de la Ley Núm. 87-2020, *supra*.[1]

---

[1] En concreto, la Exposición de motivos de la Ley Núm. 87-2020, *supra*, precisa que, en materia de bonificaciones, coexistían en nuestras instituciones penales dos categorías de personas condenadas: (a) aquellas sentenciadas bajo el Código Penal de 1974, quienes tienen derecho a bonificaciones por buena conducta y asiduidad; y (b) aquellas sentenciadas bajo los Códigos Penales de 2004 y 2012, quienes no contaban con ese derecho. Con el propósito de fomentar la rehabilitación de las personas privadas de libertad y de evitar un trato desigual en nuestras instituciones carcelarias, se aprobó la referida ley.

En la misma línea, cabe destacar la Ley Núm. 66-2022, 3 LPRA, Ap. XVIII, Arts. 3, 11 y 12, la cual enmendó nuevamente el Plan de Reorganización Núm. 2-2011, *supra*, para aclarar que todo tipo de bonificaciones también aplican a las personas sentenciadas que se encuentran en libertad bajo palabra. Específicamente, el propósito de esta ley fue enmendar los Arts. 3, 11 y 12 del Plan de Reorganización Núm. 2-2011, *supra*, a fin de **aclarar** su redacción y **eliminar cualquier duda** de que las personas convictas que estén disfrutando de los beneficios otorgados por la JLBP **también** tienen derecho a recibir las bonificaciones establecidas por concepto de buena conducta, asiduidad, trabajo, estudio y otros servicios.[2]

A modo de resumen, la Ley Núm. 87-2020, *supra*, dispuso que las bonificaciones por buena conducta son aplicables a toda persona sentenciada bajo cualquier código penal, salvo las exclusiones expresamente establecidas, con el fin de garantizar un trato uniforme a la población correccional y extender los beneficios de buena conducta sin distinción del código penal aplicable. Posteriormente, la Ley Núm. 66-2022, *supra*, precisó y aclaró que este beneficio, incluyendo las bonificaciones por trabajo y estudio, también aplica a las personas que se encuentran en libertad

---

[2] De lo consignado en la Exposición de motivos de la Ley Núm. 66-2022, *supra*, las bonificaciones por buena conducta no se les estaban otorgando a las personas en libertad bajo palabra, razón por la cual se introdujo esta enmienda.

bajo palabra, para asegurar que quienes cumplen con los requisitos del Programa de Libertad Bajo Palabra tengan derecho a los mismos beneficios que las personas internamente recluidas en una institución carcelaria, en consonancia con los fines de rehabilitación social previstos en el Plan de Reorganización Núm. 2-2011, *supra*.

En consecuencia, con estas enmiendas, los Arts. 11 y 12 del Plan de Reorganización Núm. 2-2011, *supra*, se leen actualmente según los textos citados y debieron ser interpretados conforme al mandato legislativo.

### III

Del análisis de los hechos de este caso se desprende que el peticionario, desde 1980, fue sentenciado a cumplir una pena de reclusión de noventa y nueve (99) años bajo el Código Penal de 1974. Por consiguiente, y considerando la totalidad del Art. 11 del Plan de Reorganización Núm. 2-2011, *supra*, junto con sus enmiendas, todo apunta que le resulta aplicable el inciso (b) de ese artículo. En atención a ello, satisface el primer requisito, esto es, haber sido sentenciado antes de la vigencia del Código Penal de 2004 y, en su caso, antes del 20 de julio de 1989.[3]

En segundo lugar, el señor Rosario Perales se encuentra recluido en la institución correccional de Guayama, por lo que cumple con el requisito de estar en una

---

[3] De los documentos ante nos, no se desprende que el peticionario haya sido convicto por un delito excluyente.

institución gubernamental. No obstante, sería necesario evaluar si, durante su permanencia en ese lugar, participó en algún programa de rehabilitación, o si ha estado en libertad bajo palabra concedida por la JLBP, según nos afirma. Adviértase que el Programa de Libertad Bajo Palabra no constituye el único programa de rehabilitación; es uno entre varios, ya que dentro del sistema correccional existen otros. Ahora bien, lo que variará será la cantidad de días a abonarse, según el año del Código Penal aplicable.

Por último, también habría que examinar si ha mantenido buena conducta. De cumplirse con estos requisitos, a mi entender, le serían aplicables las bonificaciones por buena conducta del Plan de Reorganización Núm. 2-2011, *supra*.

Nótese que se privó al peticionario de constatar si cumplió con los mencionados requisitos, dado que **la negativa del DCR obedeció a una interpretación sobre la aplicabilidad de los estatutos y no a un incumplimiento con algún requisito específico.** Como cuestión de hecho, en respuesta a la petición del señor Rosario Perales de que se le adjudicaran las bonificaciones a su hoja de liquidación de sentencia, el DCR concluyó que, al no cumplir con el requisito de encontrarse en libertad bajo palabra, no era elegible para recibir las bonificaciones que dispone la Ley Núm. 66-2022, *supra*, y que, en su lugar, se le aplicarían las previstas en la Ley Núm. 27-1989, *supra*.

Por demás, el penúltimo párrafo del Art. 11, *supra*, es claro y resume lo dispuesto desde el inicio del artículo, al señalar que "las rebajas de términos de sentencias dispuestas en este Artículo <u>por buena conducta y asiduidad</u> aplicarán a toda persona sentenciada a cumplir término de reclusión bajo cualquier Código Penal de Puerto Rico". (Subrayado suplido). De igual forma, el Art. 12, relativo a las <u>bonificaciones por trabajo y estudio</u>, resulta aún más claro.

Por lo anterior, soy del criterio de que todo tipo de bonificaciones aplican a todas las personas confinadas, independientemente del Código Penal bajo el cual hayan sido sentenciadas, **sin que sea obligatorio ni necesario que se encuentren en libertad bajo palabra concedida por la JLBP, como parece sugerir la *Sentencia* del Tribunal de Apelaciones. Claro está, la eventual concesión dependerá de que se cumplan los demás requisitos.** Ante ese cuadro, debimos pautar la controversia de derecho traída ante nos por el peticionario y devolver al foro administrativo.

En igual sentido, nótese que tanto el DCR como el Tribunal de Apelaciones se remitieron a la Ley Núm. 27-1989, *supra*, en sus respectivos dictámenes. Asimismo, no estimo correcto que la parte recurrida afirmara que las bonificaciones aplicadas al peticionario se concedieron conforme a la precitada ley ya que, a mi juicio, lo correcto era remitirse y aplicar únicamente lo dispuesto en los Arts.

11 y 12 del Plan de Reorganización Núm. 2-2011, *supra*, por ser estas las disposiciones legales vigentes. En efecto, opino que ni siquiera cabe citar como marco normativo aplicable la Ley Núm. 27-1989, *supra*, por encontrarse derogada, y porque los Arts. 11 y 12 del Plan Núm. 2-2011, *supra*, regulan expresamente la aplicación de las bonificaciones a toda la población correccional en Puerto Rico desde su entrada en vigor.

Por último, considero acertado lo expresado por el Tribunal de Apelaciones en su *Sentencia* sobre el caso de epígrafe, respecto a que la Ley Núm. 66-2022, *supra*, constituye una ley aclaratoria. Especialmente, me resulta correcta su afirmación en los términos siguientes:

> Más bien, la Ley Núm. 66-2022 es una enmienda **aclaratoria** al Plan Núm. 2-2011 con el fin de **reconocer y acreditar** que sus beneficios **también** aplican a personas que disfrutan de libertad bajo palabra. (Negrilla suplida). Véase *Sentencia* del caso identificado como KLRA202500198.

**Sin embargo, resulta preocupante concluir que las bonificaciones no aplican al peticionario bajo el fundamento de que no se encuentra en libertad bajo palabra,** cuando esa disposición legal es, en realidad, una ley aclaratoria que no descarta lo siguiente, según adelanté: las bonificaciones proceden independientemente de no haber estado en libertad bajo palabra, siempre que la persona cumpla con los demás requisitos. Estos incluyen participar en algún programa de rehabilitación provisto por el propio

DCR, mantener buen comportamiento y trabajar o estudiar. Además, de haber estado el peticionario en libertad bajo palabra concedida por la JLBP, como asegura, le aplicarían las bonificaciones por el período en que estuvo en libertad.

Finalmente, las controversias en torno a estas bonificaciones son un asunto recurrente que muestra divergencias de cómputos en otros casos, incluso entre el DCR y la JLBP. Ello también abona a la necesidad de pautar el derecho aplicable.

Como resultado de lo expuesto, considero que el curso más adecuado era expedir el recurso de *Certiorari* que presentó el señor Rosario Perales y pautar el derecho aplicable. Por ello, respetuosamente **disiento** del curso de acción adoptado por este Tribunal.

Luis F. Estrella Martínez
Juez Asociado
