Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL VII

| | | |
|---|---|---|
| BANCO POPULAR DE PUERTO RICO<br><br>Recurrido<br><br><br>V.<br><br>ANTONIO LUIS RIVERA GUZMÁN, SANDRA VISCAL RODRÍGUEZ<br><br><br>ANTONIO LUIS RIVERA GUZMÁN<br>Peticionario | TA2025CE00800 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala Superior de San Juan<br><br><br>Civil Núm. SJ2024CV11678<br><br><br>Sobre: Cobro de Dinero y otros |

Panel integrado por su presidente, el Juez Rodríguez Casillas, la Juez Barresi Ramos y la Jueza Santiago Calderón.

Rodríguez Casillas, juez ponente.

## RESOLUCIÓN

En San Juan, Puerto Rico, a 24 de febrero 2026.

Comparece ante nos el Sr. Antonio Luis Rivera Guzmán (en adelante, "señor Rivera Guzmán" o "Peticionario") para que revisemos la *Resolución* dictada y notificada el 7 de octubre de 2025, por el Tribunal de Primera Instancia, Sala Superior de San Juan (en adelante, "tribunal de instancia" o "TPI").[1] Mediante esta, se declaró *No Ha Lugar* la *Comparecencia Especial Solicitando la Desestimación del Co-Demandado Antonio Rivera Guzmán por Falta de Jurisdicción por Incumplimiento con la Regla 4.6* y le concedió al señor Rivera Guzmán un término de cinco (5) días para informar si se sometería voluntariamente al procedimiento de mediación compulsoria.

---

[1] Entrada Núm. 24 del Sistema Unificado de Manejo y Administración de Casos (en adelante, "SUMAC").

El señor Rivera Guzmán nos solicita, además, que revisemos la *Resolución* emitida y notificada el 21 de octubre de 2025 por el tribunal de instancia.[2] Allí el TPI declaró *No Ha Lugar* la solicitud de reconsideración presentada por el Peticionario y reiteró su determinación del 7 de octubre de 2025.

Evaluada la totalidad del expediente, **denegamos** la expedición del auto de *certiorari* solicitado.

**-I-**

El caso de epígrafe se originó el **26 de diciembre de 2024**, ocasión en que Banco Popular de Puerto Rico (en adelante, "Banco Popular" o "BPPR") instó una *Demanda* sobre cobro de dinero y ejecución de hipoteca en contra del señor Rivera Guzmán y la Sra. Sandra Viscal Rodríguez (en adelante, "señora Viscal Rodríguez").[3] Por consiguiente, el **7 de enero de 2025**, la Secretaría del TPI ordenó la expedición de los emplazamientos.[4]

El **18 de marzo de 2025**, Banco Popular sometió una *Moción sometiendo emplazamiento diligenciado y en solicitud de emplazamiento por edicto*.[5] Arguyó haber emplazado a la señora Viscal Rodríguez, no obstante, no logró emplazar al señor Rivera Guzmán, a pesar de las gestiones realizadas. Anejó a la moción el diligenciamiento negativo del alguacil y la declaración jurada.

El **18 de marzo de 2025**, el TPI emitió una *Orden para la publicación de edicto* y el **24 de marzo de 2025**, se expidió el *Emplazamiento por Edicto*.[6]

Tras varias incidencias procesales, el **11 de abril de 2025**, Banco Popular radicó una *Moción sometiendo emplazamiento diligenciado y en solicitud de referido a mediación compulsoria*.[7]

---

[2] Entrada Núm. 30 de SUMAC.
[3] Entrada Núm. 1 de SUMAC.
[4] Entrada Núm. 2 de SUMAC.
[5] Entrada Núm. 3 de SUMAC.
[6] Entrada Núm. 4 y 5 de SUMAC.
[7] Entrada Núm. 8 de SUMAC.

Adujo haber emplazado al señor Rivera Guzmán mediante edicto publicado el **27 de marzo de 2025**.[8]

El **27 de abril de 2025**, el señor Rivera Guzmán presentó una moción en *Comparecencia especial solicitando término para radicar solicitud de desestimación por falta de jurisdicción*.[9] Señaló que Banco Popular no realizó las gestiones mínimas para emplazarlo personalmente. Por lo cual, solicitó que se le concediese un plazo de treinta (30) días para someter una moción solicitando desestimación por falta de jurisdicción.

El **28 de abril de 2025**,[10] el TPI emitió una *Orden* concediendo el término solicitado.[11]

Así, el **27 de mayo de 2025**, el señor Rivera Guzmán radicó una moción de *Comparecencia especial solicitando la desestimación del co-demandado Antonio Rivera Guzmán por falta de jurisdicción por incumplimiento con la Regla 4.6*.[12] En esencia, solicitó al TPI que: (1) determinara que el emplazamiento fue nulo; (2) determinara que carecían de jurisdicción sobre su persona; (3) ordenara la desestimación de la demanda en su contra.[13]

El **20 de junio de 2025**, Banco Popular presentó su *Oposición a comparecencia especial solicitando la desestimación*.[14] Reafirmó haber realizado las diligencias necesarias para localizar al señor Rivera Guzmán, sin embargo, al este no estar disponible recurrió al emplazamiento por edicto.

Trabada la controversia ahí y luego de varios trámites procesales, el **7 de octubre de 2025**, el TPI emitió una *Resolución* mediante la cual declaró *No Ha Lugar* la *Comparecencia Especial*

---

[8] Incluyó como anejo una misiva dirigida al señor Rivera Guzmán con fecha del 27 de marzo de 2025 y un Affidavit jurado por la Sra. Dinaury Rivera Figueroa, representante del periódico El Nuevo Día.
[9] Entrada Núm. 9 de SUMAC.
[10] Notificado el 30 de abril de 2025.
[11] Entrada Núm. 10 de SUMAC.
[12] Entrada Núm. 13 de SUMAC.
[13] Acompañó su solicitud junto a una declaración jurada.
[14] Entrada Núm. 17 de SUMAC.

*Solicitando la Desestimación del Co-Demandado Antonio Rivera Guzmán por Falta de Jurisdicción por Incumplimiento con la Regla 4.6.*[15] En consecuencia, le concedió al Peticionario un término de cinco (5) días para informar si se sometería voluntariamente al procedimiento de mediación compulsoria y ordenó la continuación de los procedimientos.

En desacuerdo, el **15 de octubre de 2025**, el señor Rivera Guzmán sometió una *Moción solicitando reconsideración y otros extremos.*[16]

A modo de réplica, el **21 de octubre de 2025**, Banco Popular presentó su *Oposición a moción solicitando reconsideración y otros extremos.*[17]

El **22 de octubre de 2025**, el TPI dictó una *Resolución* en la cual declaró *No Ha Lugar* la solicitud de reconsideración presentada por el señor Rivera Guzmán. Allí, reiteró su determinación del 7 de octubre de 2025 y ordenó la continuación de los procedimientos.

Inconforme, el **21 de noviembre de 2025**, el señor Rivera Guzmán instó el recurso de *Certiorari* que nos ocupa. Señaló la comisión de los siguientes errores:

A. ERRÓ EL TPI COMO CUESTION [sic.] DE DERECHO Y ABUSÓ DE SU DISCRECIÓN, AL REHUSAR DESESTIMAR AL CODEMANDADO SR. RIVERA POR NO HABER SIDO EMPLAZADO POR TERCERA VEZ CONFORME A LA REGLA 4 DENTRO, Y DEL TÉRMINO DE 120 DIAS DE LA REGLA 4.3(c), YA QUE EL BPPR NUNCA CUMPLIÓ CON SU PESO DE PROBAR QUE EL TPI TENÍA JURISDICCIÓN, Y SEGÚN LA EVIDENCIA PRESENTADA POR EL SR. RIVERA QUE QUEDÓ INCONTROVERTIDA, EL EMPLAZADOR DEL BPPR NO REALIZÓ LAS DILIGENCIAS RAZONABLES MÍNIMAS REQUERIDAS POR LA REGLA 4 Y EL DEBIDO PROCESO DE LEY PARA PODER EMPLAZAR AL SR. RIVERA POR EDICTO.

B. ERRÓ EL TPI COMO CUESTION [sic.] DE DERECHO Y ABUSÓ DE SU DISCRECIÓN, AL LIBERAR AL BPPR DE SU PESO DE PRUEBA Y AL REHUSAR CELEBRAR UNA VISTA EVIDENCIARIA PARA PODER ADJUDICAR LA CONTROVERSIA DE HECHOS Y DE CREDIBILIDAD POR LA CUAL SE DENEGÓ LA SOLICITUD DE

---

[15] Entrada Núm. 24 de SUMAC.
[16] Entrada Núm. 25 - 27 de SUMAC.
[17] Entrada Núm. 29 de SUMAC.

DESESTIMACIÓN DEL CODEMANDADO SR. RIVERA. (Énfasis omitido)

El **22 de noviembre de 2025**, recibimos por parte del señor Rivera Guzmán una (eliminar subrayado) *Moción solicitando se tome conocimiento judicial de los documentos que se anejan sobre los dos previos pleitos entre las partes núms. SJ2022CV07060 y SJ2023CV07270*.

El **4 de diciembre de 2025**, emitimos una *Resolución* en la cual concedimos al Banco Popular un plazo de diez (10) días para mostrar causa por la cual no debíamos expedir el auto de *certiorari* solicitado.

En cumplimiento, el **11 de diciembre de 2025**, BPPR radicó un *Alegato en oposición a petición de certiorari*.

El **15 de diciembre de 2025**, dictamos una *Resolución* en la cual dimos por perfeccionado el recurso para la consideración del panel.[18]

**-II-**

**-A-**

En nuestro ordenamiento civil, el auto de *certiorari* es un medio procesal de carácter discrecional que, a su vez, permite a un tribunal de mayor jerarquía revisar las determinaciones de un tribunal inferior.[19] Así, se entiende por discreción como el poder para decidir en una forma u otra; esto es, para escoger entre uno o varios cursos de acción.[20]

Por ello, la Regla 52.1 de Procedimiento Civil, delimita las instancias en que habremos de atender —*vía certiorari*— las resoluciones y órdenes emitidas por los tribunales de instancia:

> *[E]l recurso de certiorari para revisar resoluciones u órdenes interlocutorias dictadas por el Tribunal de Primera Instancia, solamente será expedido por el Tribunal de Apelaciones cuando se recurra de una resolución u orden bajo*

---

[18] Notificada al día siguiente.
[19] *Mun. de Caguas v. JRO Construction,* 201 DPR 703, 711 (2019); *IG Builders et al. v. BBVAPR,* 185 DPR 307, 337 – 338 (2012).
[20] *García v. Asociación,* 165 DPR 311, 321 (2005).

*las Reglas 56 y 57 <u>o de la denegatoria de una moción de
carácter dispositivo</u>. No obstante, y por excepción a lo
dispuesto anteriormente, el Tribunal de Apelaciones podrá
revisar órdenes o resoluciones interlocutorias dictadas por el
Tribunal de Primera Instancia cuando se recurra de decisiones
sobre la admisibilidad de testigos de hechos o peritos
esenciales, asuntos relativos a privilegios evidenciarios,
anotaciones de rebeldía, en casos de relaciones de familia, en
casos que revistan interés público o en cualquier otra situación
en la cual esperar a la apelación constituiría un fracaso
irremediable de la justicia. <u>Al denegar la expedición de un
recurso de certiorari en estos casos, el Tribunal de Apelaciones
no tiene que fundamentar su decisión</u>. […].*[21]

Bajo el carácter de discrecionalidad, la Regla 40 del
Reglamento de este Tribunal de Apelaciones establece los siguientes
criterios para mostrar causa o para la expedición del auto de
*certiorari:*

(A) *Si el remedio y la disposición de la decisión recurrida, a
diferencia de sus fundamentos, son contrarios a derecho.*
(B) *Si la situación de hechos planteada es la más indicada
para el análisis del problema.*
(C) *Si ha mediado prejuicio, parcialidad o error craso y
manifiesto en la apreciación de la prueba por el Tribunal
de Primera Instancia.*
(D) *Si el asunto planteado exige consideración más detenida
a la luz de los autos originales, los cuales deberán ser
elevados, o de alegatos más elaborados.*
(E) *Si la etapa del procedimiento en que se presenta el caso
es la más propicia para su consideración.*
(F) *Si la expedición del auto o de la orden de mostrar causa
no causan un fraccionamiento indebido del pleito y una
dilación indeseable en la solución final del litigio.*
(G) *Si la expedición del auto o de la orden de mostrar causa
evita un fracaso de la justicia.*[22]

En consecuencia, el Tribunal Supremo de Puerto Rico ha
dispuesto que:

*[d]e ordinario, no se intervendrá con el ejercicio de discreción
de los tribunales de instancia, salvo que se demuestre que
hubo un craso abuso de discreción, o que el tribunal actuó con
prejuicio o parcialidad, o que se equivocó en la interpretación
o aplicación de cualquier norma procesal o de derecho
sustantivo, y que nuestra intervención en esa etapa evitará un
perjuicio sustancial.*[23]

De manera, que si la actuación del foro recurrido no está
desprovista de base razonable —ni perjudica los derechos

---

[21] Regla 52.1 de las Reglas de Procedimiento Civil 2009, 32 LPRA Ap. V., R. 52.1.
*Énfasis nuestro.*
[22] Regla 40 del Reglamento del Tribunal de Apelaciones, según enmendada, *In re
Aprob. Enmdas. Reglamento TA*, 2025 TSPR 145, págs. 63, 216 DPR __ (2025).
[23] *Zorniak Air Services v. Cessna Aircraft Co.*, 132 DPR 170, 181 (1992);
*Lluch v. España Service Sta.*, 117 DPR 729, 745 (1986).

sustanciales de las partes— deberá prevalecer el criterio del juez de instancia a quien le corresponde la dirección del proceso.[24]

**-III-**

En esencia, el Peticionario nos señala que el TPI incidió al: **(1)** rehusar desestimar la demanda en su contra, por no haber sido emplazado conforme a derecho; **(2)** rehusar celebrar una vista evidenciaria para adjudicar las controversias de hechos y de credibilidad.

Aunque estamos ante una moción dispositiva, somos de la opinión de que no concurren las **excepciones** de la Regla 52.1 de Procedimiento Civil, *supra*, ni los **criterios** establecidos en la citada Regla 40 del Reglamento del Tribunal de Apelaciones que nos permitan intervenir con la decisión tomada por el TPI. Es decir, un examen de la *Resolución* recurrida nos lleva a determinar que se trata de una decisión correcta y razonable dentro del claro ejercicio de discreción conferido a los tribunales de instancia y a su facultad de decidir los casos de la manera que entiendan razonable.

A tono con lo antes expuesto, resolvemos que no hay prueba en el expediente tendente a demostrar que el TPI abusó de su discreción o actuó con perjuicio, parcialidad o error manifiesto. Razón por la cual, no intervendremos con la determinación recurrida.

**-IV-**

Por los fundamentos antes expuestos, **denegamos** la expedición del auto de *certiorari* solicitado.

Lo acordó el Tribunal y lo certifica la secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones

---

[24] *SLG Zapata- Rivera v. JF Montalvo,* 189 DPR 414, 434 – 435 (2013).