Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL VII

| | | |
|---|---|---|
| EILEEN RIVERA ROSADO<br><br>Recurrido<br><br>v.<br><br>LIBERTY COMMUNICATIONS OF PUERTO RICO, LLC; TRIPLE S PROPIEDAD, INC.; PUERTO RICO TELEPHONE COMPANY H/N/C CLARO PUERTO RICO; ACME<br><br>Peticionarios | TA2025CE00784 | *Certiorari* procedente del Tribunal de Primera Instancia Sala Superior de Bayamón<br><br>Caso Núm. BY2023CV04246<br><br>Sobre:  Daños y Perjuicios |

Panel integrado por su presidente, el Juez Rodríguez Casillas, la Juez Barresi Ramos y la Jueza Santiago Calderón.

Rodríguez Casillas, juez ponente.

**SENTENCIA**

En San Juan, Puerto Rico, a 10 de marzo de 2026.

Comparece ante nos, Puerto Rico Telephone Company, Inc. (en adelante, "PRTC" o "Peticionaria") y nos solicita que revisemos y revoquemos la *Resolución y Orden* dictada el **20 de octubre de 2025**,[1] por el Tribunal de Primera Instancia, Sala Superior de Bayamón (en adelante, "tribunal de instancia" o "TPI").[2] Mediante esta, se declaró *No Ha Lugar* la *Moción de Comparecencia Especial y Solicitud de Nulidad de la Resolución y Orden al Sumac #116* presentada el 16 de octubre de 2025 por la parte codemandada, Puerto Rico Telephone Company H/C/C Claro Puerto Rico ("Claro").

Por los fundamentos que expondremos a continuación, expedimos el auto de *certiorari* y **revocamos** la *Resolución y Orden* recurrida.

---

[1] Notificada al día siguiente.
[2] Entrada Núm. 121 del Sistema Unificado de Manejo y Administración de Casos (en adelante, "SUMAC").

Nos limitaremos a presentar los hechos del caso relacionados a la controversia de auto, sin especificar ciertos trámites cuya omisión no incide en nuestra determinación final. Veamos.

**-I-**

El caso de autos tiene sus inicios el **2 de agosto de 2023**, ocasión en que la Sra. Eileen Rivera Rosario (en adelante, "señora Rivera Rosario" o "Recurrida") instó una *Demanda* sobre accidente y daños y perjuicios en contra de Liberty Communications of Puerto Rico, LLC (en adelante, "Liberty"); Triple S Propiedad, Inc. (en adelante, "Triple S"); Puerto Rico Telephone Company H/N/C Claro Puerto Rico (en adelante, "PRTC") y; ACME (en conjunto, "demandados"). Según alegó, el 14 de diciembre de 2022 se encontraba caminando cerca de la Escuela Montessori Juan Ponce de León en el Municipio de Guaynabo cuando se cayó por haberse enredado con un tendido telefónico, de cable u análogo que se encontraba en el suelo. Adujo que los demandados eran los encargados de mantenimiento, limpieza, seguridad y arreglos del cableado del área donde ocurrió el evento, y que estos respondían por ello, al igual que la aseguradora del Municipio de Guaynabo. A raíz de lo anterior, reclamó daños físicos y emocionales, los cuales valorizó en una suma de $120,000.00.[3]

El **30 de agosto de 2023**, **PRTC** radicó su *Contestación a la demanda*.[4] En esencia, negó las alegaciones de la demanda porque la **señora Rivera Rosario** no había presentado prueba que sustentara sus alegaciones. Por lo cual, solicitó se declarara *No Ha Lugar* la demanda.

El **2 de octubre de 2023**, **PRTC** sometió una *Solicitud de desestimación parcial y/o sentencia sumaria*.[5] Señaló que no ostentaba jurisdicción sobre la acera, y que su infraestructura estaba en perfecto

---

[3] Entrada Núm. 1 de SUMAC.
[4] Entrada Núm. 11 de SUMAC.
[5] Entrada Núm. 20 de SUMAC.

estado. Ante ello, solicitó la desestimación de la demanda por no existir relación alguna entre esta y los elementos que provocaron los hechos descritos en la demanda.

El **9 de octubre de 2023**, la **señora Rivera Rosado** presentó una *Moción solicitando el desistimiento en cuanto a Claro*.[6] En esencia, solicitó el desistimiento sin perjuicio en cuanto a **PRTC**.

**Ese mismo día**,[7] el tribunal de instancia emitió una *Sentencia Parcial*.[8] Allí declaró *Ha Lugar* la *Moción solicitando el desistimiento en cuanto a Claro* y ordenó el archivo sin perjuicio de la reclamación presentada contra Claro y/o **PRTC**.

El **26 de febrero de 2024**, la **señora Rivera Rosado** sometió una *Moción solicitando permiso para enmendar alegaciones*.[9] Arguyó haber encontrado información que contradijo la información previamente obtenida en cuanto a la **PRTC**. Por lo cual, solicitó se incluyera nuevamente a dicha parte en los procedimientos. A tales efectos, presentó una *Demanda Enmendada* para incluir a la **Peticionaria** como demandado.[10]

De este modo, el **26 de febrero de 2024**,[11] el tribunal de instancia emitió una *Orden* declarando Ha Lugar la *Demanda Enmendada y Moción Solicitando Permiso para Enmendar Alegaciones*, permitiendo así incluir nuevamente a **PRTC** en el pleito.

El **4 de abril de 2024**, **PRTC** presentó su *Contestación a la demanda enmendada [SUMAC #31]*.[12] En síntesis, la **Peticionaria** reiteró las alegaciones previas en cuanto a que no era responsable por los hechos alegados en la demanda.

---

[6] Entrada Núm. 26 de SUMAC.
[7] Notificada el 10 de octubre de 2023.
[8] Entrada Núm. 27 y 28 de SUMAC.
[9] Entrada Núm. 32 de SUMAC.
[10] Entrada Núm. 31 de SUMAC.
[11] Notificada al día siguiente.
[12] Entrada Núm. 39 de SUMAC.

Así pues, el **18 de abril de 2024**, **PRTC** radicó una *Solicitud de desestimación parcial y/o sentencia sumaria*.[13] Adujo que la controversia a dirimirse por el TPI era "si la causa de acción debe ser desestimada parcialmente por falta de una causa de acción contra la Puerto Rico Telephone Company, Inc." Señaló los siguientes hechos como incontrovertidos:

1. Según se alega en la Demanda, los hechos ocurrieron el 14 de diciembre de 2022 frente a las facilidades de la Escuela Juan Ponce De León, en el Municipio de Guaynabo, Puerto Rico. **[SUMAC #1 y 31]; [SUMAC #20, Anejo I [Declaración Jurada del 19 de septiembre de 2023] y Anejo A [Fotos]; y Anejo I [Declaración Jurada del 8 de abril de 2024]**

2. Para la fecha de la ocurrencia de los hechos alegados en la Demanda, la PRTC no tenía conocimiento ni había recibido ninguna querella, notificación o aviso alguno de que sus instalaciones estuvieran averiadas o requirieran mantenimiento. **[SUMAC #20, Anejo I [Declaración Jurada del 19 de septiembre de 2023] y Anejo A [Fotos]; y Anejo I [Declaración Jurada del 8 de abril de 2024]**

3. El 16 de septiembre de 2023, José R. Delgado Cotto, Gerente de Operaciones Metro de la Puerto Rico Telephone Company, se personó a la Escuela Juan Ponce De León, en el Municipio de Guaynabo, Puerto Rico, para recorrer el área donde alegadamente habían ocurrido los hechos y evaluar la infraestructura o planta externa de la PRTC. Durante dicho recorrido tomó las fotografías del área. **[SUMAC #20, Anejo I [Declaración Jurada del 19 de septiembre de 2023] y Anejo A [Fotos]; y Anejo I [Declaración Jurada del 8 de abril de 2024]**

4. Las instalaciones de fibra óptica de la PRTC están instaladas en los postes de la acera contraria al área del alegado incidente. **Anejo I [Declaración Jurada del 8 de abril de 2024]**

5. Al recorrer el área, e inspeccionar las facilidades de la PRTC el personal notó que no existe infraestructura de la PRTC averiada. De las fotos no surge que exista ninguna instalación de la PRTC averiada o desprendida del poste. **[SUMAC #20, Anejo I [Declaración Jurada del 19 de septiembre de 2023] y Anejo A [Fotos]; y Anejo I [Declaración Jurada del 8 de abril de 2024]**

6. El 4 de abril de 2024, José R. Delgado Cotto, Gerente de Operaciones Metro de la Puerto Rico Telephone Company, revisó las fotografías provistas por la parte demandante y Liberty Communications of Puerto Rico, LLC. como parte del descubrimiento de prueba. **Anejo I [Declaración Jurada del 8 de abril de 2024]**

7. El cable que se identifica en las fotografías provistas por la parte demandante y Liberty Communications of Puerto Rico, LLC. no

---

[13] Entrada Núm. 42 de SUMAC.

> pertenece a la PRTC. **Anejo I [Declaración Jurada del 8 de abril de 2024]**
>
> 8. Según la experiencia de José R. Delgado Cotto, Gerente de Operaciones Metro de la Puerto Rico Telephone Company, el cable que se identifica en las fotografías provistas por la parte demandante y Liberty Communications of Puerto Rico, LLC. parece ser un "mensajero" de la Autoridad de Energía Eléctrica, ahora LUMA Energy. **Anejo I [Declaración Jurada del 8 de abril de 2024]**

A tono con lo anterior, solicitó la desestimación parcial de la demanda, por carecer de jurisdicción sobre el área o los elementos que alegadamente provocaron la caída de la **señora Rivera Rosario** y, por ende, no existir causa de acción alguna en su contra.

El **19 de abril de 2024**, la **señora Rivera Rosado** presentó una *Moción solicitando permiso para enmendar alegaciones*.[14] Alegó que la nueva información suministrada por la **PRTC** sugirió que LUMA Energy Servco, LLC (en adelante, "LUMA") podía responder por los daños, por lo cual, solicitó añadir a esta última a la demanda. Así pues, **ese mismo día** sometió la *Segunda demanda enmendada* incluyendo a **LUMA** como parte del pleito.[15]

Más tarde en **el mismo día**, la **señora Rivera Rosado** radicó una *Moción solicitando se mantenga en suspenso moción de sentencia sumaria*.[16] En resumen, adujo que lo prudente era mantener en suspenso la moción de sentencia sumaria hasta tanto **LUMA** compareciera al pleito.

Posteriormente, el **22 de abril de 2024**, el TPI emitió una *Orden* en la cual determinó lo siguiente:[17]

> Examinadas las mociones presentadas por las partes, el Tribunal dispone como sigue:
>
> I. *Solicitud de Desestimación Parcial y/o Sentencia Sumaria* presentada el 18 de abril de 2024 por la parte demandada Puerto Rico Telephone Company, Inc. H/N/C Claro Puerto Rico.
>
> Se toma conocimiento. Ver inciso IV de esta Orden.

---

[14] Entrada Núm. 43 de SUMAC.
[15] Entrada Núm. 44 de SUMAC.
[16] Entrada Núm. 45 de SUMAC.
[17] Entrada Núm. 46 de SUMAC.

II. *Moción Solicitando Permiso Para Enmendar Alegaciones* presentada por la parte demandante el 19 de abril de 2024.

**Ha Lugar**. Secretaría: Expídase emplazamiento(s).

III. *Segunda Demanda Enmendada* presentada por la parte demandante el 19 de abril de 2024.

Únase a expediente.

IV. *Moción Solicitando se Mantenga en Suspenso Moción de Sentencia Sumaria* presentada por la parte demandante el 19 de abril de 2024.

**Ha Lugar**. No obstante, el Tribunal requiere que la parte demandante especifique (ofrezca) término para cumplir con Regla 36.3(b) de Procedimiento Civil, 32 L.P.R.A. Ap. V, R. 36. Es decir, "hasta tanto LUMA comparezca al caso y se tenga información más completa acerca de las facilidades", no es suficiente. Aclare. Dispone de diez (10) días.

Por otra parte, mediante *Orden* de fecha 14 de marzo de 2024, notificada el 15 de marzo de 2024; el Tribunal dictaminó, en lo pertinente, lo siguiente:

"Partes disponen de veinte (20) días, a partir de la fecha que comparezca Claro al pleito de autos, para informar el calendario restante del descubrimiento de prueba, que incluye[,] pero no se limita, al itinerario de las deposiciones."

Puerto Rico Telephone Company, Inc. H/N/C Claro Puerto Rico presentó *Contestación a la Demanda Enmendada* [SUMAC #31] el 4 de abril de 2024. Por lo tanto, las partes disponían hasta el 24 de abril de 2024 para cumplir con la Orden del Tribunal.

Dado la presentación de la moción diapositiva por parte de Claro y presentación de *Segunda Demanda Enmendada*, término de veinte (20) días para cumplir con Orden ahora comenzará decursar a partir de que el Tribunal dictamine sobre la *Solicitud de Desestimación Parcial y/o Sentencia Sumaria* y LUMA comparezca al pleito.

Luego de varias incidencias procesales, el **13 de julio de 2024**, la **señora Rivera Rosado** sometió su *Moción en oposición a sentencia sumaria*.[18] Allí, admitió los hechos incontrovertidos del núm. 1 al núm. 3; y negó, como hechos incontrovertidos el núm. 4, núm. 5, núm. 7 y núm. 8. En cuanto a los hechos que negó como incontrovertidos, señaló que de la declaración jurada suscrita por **Liberty** se desprendía que la infraestructura que corresponde al lugar de los hechos, era cablería que utilizaba **PRTC**. Esgrimió que lo anterior era suficiente para descartar cualquier posibilidad de dirimir dicha controversia por la vía sumaria. Por

---

[18] Entrada Núm. 64 de SUMAC.

lo que, solicitó no se dictara sentencia sumaria y se ordenara la continuación de los procedimientos.

Así las cosas, el **18 de julio de 2024**,[19] el TPI emitió una _Orden_.[20] Determinó que la **señora Rivera Rosado** no cumplió con lo preceptuado en la Regla 36.3(b) de Procedimiento Civil. Además, añadió lo siguiente:

> Este Tribunal no puede interpretar que PRTC en la Sumaria propone o insinúa que no tiene infraestructura en el área donde ocurrieron los hechos. Lo que PRTC propone al párrafo IV de la Sumaria es que "de las fotos no surge que exista ninguna instalación de la PRTC averiada o desprendida del poste", y que "el cable que se identifica en las fotografías provistas por la parte demandante y Liberty Communications of Puerto Rico, LLC. parece ser un "mensajero" de la Autoridad de Energía Eléctrica, ahora LUMA". Por tanto, la PRTC propone que el "cierto tendido telefónico, de cable u análogo" que se encontraba "tirado en el piso" y se alega provocó la caída de la Sra. Rivera Rosado no le pertenece. Le corresponde a la demandante rebatir dichas aseveraciones conforme la Regla 36.3 (b). El hecho de que en la declaración jurada suscrita por el Sr. José Figueroa Franqui se menciona que "quien utiliza cablería de tensión de tres octavo de pulgada (3/8") para su cable de cobre es la compañía Claro"; no necesariamente implica que específicamente el cable en el piso (objeto del pleito de autos) le pertenecía a la PRTC/Claro.
>
> Parte demandante: Resometa conforme ordena la Regla 36.3 (b). Dispone de diez (10) días.
>
> Parte codemandada PRTC: Dispone de diez (10) días para replicar al escrito hoy ordenado a la parte demandante.

El **25 de julio de 2024**, la **señora Rivera Rosado** radicó una _Moción en cumplimiento de orden en cuanto a oposición de sentencia sumaria_.[21] Incluyó una declaración jurada suscrita por **LUMA** y añadió que los hechos cinco (5) y seis (6) no eran susceptibles a estipularse. Reiteró sus argumentos previos, y solicitó que no se dictara sentencia sumariamente.

El **31 de julio de 2024**, **PRTC** presentó una _Moción en cumplimiento de orden y réplica a oposición a solicitud de sentencia sumaria_.[22] Adujo que la **señora Rivera Rosado** no controvirtió la prueba sometida, en cuanto a que **PRTC** no era dueña del cable que provocó su caída. Por lo cual, solicitó la desestimación de la demanda en su contra.

---

[19] Notificada al día siguiente.
[20] Entrada Núm. 65 de SUMAC.
[21] Entrada Núm. 66 de SUMAC.
[22] Entrada Núm. 70 de SUMAC.

Así el **6 de agosto de 2024**,[23] el tribunal de instancia emitió una *Sentencia Parcial*.[24] Luego de examinadas las mociones presentadas por las partes, concurrió con los argumentos presentados por **PRTC**, en cuanto a que la **señora Rivera Rosado** no controvirtió las declaraciones juradas suscritas por la **Peticionaria**. En consecuencia, declaró *Ha Lugar* la *Solicitud de desestimación parcial y/o sentencia sumaria* presentada por **PRTC**. De este modo, dictó sentencia parcial desestimando **con perjuicio** la demanda en contra de la **Peticionaria**.

En vista de lo anterior, el **3 de octubre de 2024**, **PRTC** sometió una moción en *Solicitud de orden de cese de notificaciones*.[25] **Ese mismo día**,[26] el TPI notificó una *Orden* en la que concedió lo solicitado.[27]

Tras varias incidencias procesales —y advenida la *Sentencia Parcial* final y firme—, el **4 de diciembre de 2024**, la **señora Rivera Rosado** radicó una *Moción solicitando relevo de sentencia*.[28] Esgrimió que los cables que ocasionaron su caída no le pertenecían a **LUMA**, puesto que eran cables de comunicación. Por lo cual, solicitó que la **PRTC** permaneciese en el pleito y que se relevara la sentencia emitida a su favor.[29]

El **10 de diciembre de 2024**, el TPI dictó una *Orden* en la cual concedió un término de veinte (20) días a la otra parte para reaccionar a la moción solicitando relevo de sentencia.[30] Esta fue notificada a los siguientes abogados:

Carlos Rafael Ramírez Isern (carlos.ramirezisern@lumapr.com);
Cristina María Barrios González (cristina.barriosg@gmail.com);

---

[23] Notificada al día siguiente.
[24] Entrada Núm. 71 de SUMAC.
[25] Entrada Núm. 73 de SUMAC.
[26] Notificado al día siguiente.
[27] Entrada Núm. 75 de SUMAC. Notificado al día siguiente.
[28] Entrada Núm. 79 de SUMAC.
[29] No surge de los autos que la *Moción solicitando relevo de sentencia* se le haya notificado al Lcdo. Iván Aponte Figueroa, representante legal de **PRTC**. Véase hoja de *Notificación Electrónica* de SUMAC.
[30] Entrada Núm. 80 de SUMAC.

Ernesto J. Miranda Matos (ernestojosemiranda@gmail.com); Rubén E. Arroyo Brenes (rubenarroyobrenes@gmail.com).[31]

Posterior a ello, el **16 de enero de 2025**, el TPI emitió y notificó una *Orden* que lee como sigue:

El 4 de diciembre de 2024 la parte demandante Sra. Rivera Rosado presentó Moción Solicitando Relevo de Sentencia ("Moción").

Mediante Orden de fecha 10 de diciembre de 2024, notificada el mismo 10 de diciembre de 2024; apercibimos a la otra parte LUMA Energy Servco, LLC ("LUMA") que disponía de término (20) días de presentada la Moción para oponerse.

LUMA no presentó oposición.

Se deja sin efecto Orden de fecha 4 de diciembre de 2024, notificada el 4 de diciembre de 2024.

Partes disponen de término de treinta (30) días para informar, mediante presentación de moción conjunta, el estado actual de los procedimientos. El escrito al Tribunal debe incluir desglose de asuntos pendientes por resolver y status de los esfuerzos conducentes a poner fin a este pleito.[32]

El **1 de mayo de 2025**, **Liberty** radicó una *Solicitud de sentencia sumaria parcial*.[33] En desacuerdo, el **22 de mayo de 2025**, la **señora Rivera Rosado** radicó una *Oposición a "solicitud de sentencia sumaria parcial" y solicitud de relevo de la sentencia sumaria parcial dictada a favor de la Puerto Rico Telephone Company h/n/c Claro*.[34]

Examinadas las mociones, el **19 de junio de 2025**, el TPI emitió una *Resolución*.[35] Allí atendió la *Solicitud de sentencia sumaria parcial* presentada por **Liberty** y la declaró *No Ha Lugar*. Para ello, determinó que los siguientes hechos no se encontraban en controversia:

1. La parte demandante alega que sufrió daños a consecuencia de una caída ocurrida el día 14 de diciembre de 2022 cuando caminaba cerca de la entrada de la Escuela Montessori Juan Ponce de León en el Municipio de Guaynabo.

2. El accidente sufrido por la parte demandante alegadamente ocurrió debido a que la parte demandante se enredó en cierto

---

[31] No surge de los autos que la referida *Orden* se le haya notificado al Lcdo. Iván Aponte Figueroa, vaponte@mapfrepr.com representante legal de **PRTC**.

[32] Entrada Núm. 82 de SUMAC. No surge de los autos que la referida *Orden* se le haya notificado al Lcdo. Iván Aponte Figueroa, representante legal de **PRTC**.

[33] Entrada Núm. 93 de SUMAC.

[34] Entrada Núm. 99 de SUMAC. No surge de los autos que dicha *Oposición…* se le haya notificado al Lcdo. Iván Aponte Figueroa, representante legal de **PRTC**.

[35] Notificada al día siguiente. Entrada Núm. 102 de SUMAC. No surge de los autos que esa *Resolución* se le haya notificado al Lcdo. Iván Aponte Figueroa, representante legal de **PRTC**.

tendido telefónico, de cable u análogo (en adelante, el "Cable"), el cual se encontraba tirado en el suelo.

3. Alguna entidad es responsable de haber instalado el Cable en el lugar de los hechos alegados.

Del mismo modo, determinó que existía controversia sobre la tenencia, control y manejo de los cables que ocasionaron los daños. Así pues, el TPI concluyó que, dada la existencia de declaraciones juradas conflictivas y evidencia contradictoria sobre la identidad del propietario del cable, era improcedente que el tribunal dictara sentencia sumariamente a favor de cualquiera de los codemandados. Por lo cual, ordenó la continuación de los procedimientos.[36]

Tras varias incidencias procesales, el **19 de septiembre de 2025**, el tribunal de instancia celebró una vista de la *Conferencia con Antelación al Juicio*.[37]

Además, ese mismo día, **19 de septiembre de 2025**, el TPI dictó una *Resolución y Orden* que lee como sigue:[38]

Examinada *Moción Solicitando Relevo de Sentencia* presentada el 4 de diciembre de 2024 por la parte demandante Sra. Rivera Rosado, el Tribunal dispone como sigue:

Surge del expediente que mediante Orden de fecha 10 de diciembre de 2024, notificada el 12 de diciembre de 2024, el Tribunal *concedió a la otra parte* término de veinte (20) días para fijar posición. Regla 8.4 de las de Procedimiento Civil (2009), 32 L.P.R.A. Ap. V, R. 8.4.

Luego, la parte demandante, Sra. Rivera Rosado, reiteró solicitud de relevo de *Sentencia Sumaria Parcial Dictada a Favor de*

---

[36] La *Resolución* fue notificada a los siguientes abogados:
Ana Cristina Martínez Flores (ana.martinezflores@lumapr.com);
Antonio L. Iguina González (antonioiguina@gmail.com);
Cristina María Barrios González (cristina.barriosg@gmail.com);
Ernesto J. Miranda Matos (ernestojosemiranda@gmail.com);
Rubén E. Arroyo Brenes (rubenarroyobrenes@gmail.com).
[37] Entrada Núm. 115 de SUMAC. Allí, comparecieron el Lcdo. Ernesto J. Miranda Matos en representación de la **señora Rivera Rosario**; la Lcda. Cristina M. Barrios González en representación de **Liberty** y la Lcda. Ana C. Martínez Flores en representación de **Luma**.
[38] Entrada Núm. 116 de SUMAC. Obra en autos que se notificó el **23 de septiembre de 2025** a los siguientes abogados y partes:
Ana Cristina Martínez Flores (ana.martinezflores@lumapr.com);
Antonio L. Iguina González (antonioiguina@gmail.com);
Cristina María Barrios González (cristina.barriosg@gmail.com);
Ernesto J. Miranda Matos (ernestojosemiranda@gmail.com);
**Puerto Rico Telephone Company h/n/c Claro Puerto Rico (Ave. Roosevelt 1515 Edificio Claro San Juan, Puerto Rico 00936)**;
Rubén E. Arroyo Brenes (rubenarroyobrenes@gmail.com).

*la Puerto Rico Telephone Company H/N/C Claro* en escrito presentado al Tribunal el 22 de mayo de 2025.

**Sin oposición**, el Tribunal declara **Ha Lugar** la *Moción Solicitando Relevo de Sentencia* presentada el 4 de diciembre de 2024. **En consecuencia, se deja sin efecto *Sentencia Parcial* notificada el 7 de agosto de 2024 (SUMAC #71), y *Orden* notificada el 4 de octubre de 2024 (SUMAC #74) sobre *Solicitud de Orden de Cese de Notificaciones* presentada por la parte codemandada, Puerto Rico Telephone Company, Inc**.

Partes disponen de término de veinte (20) días para reunirse y, entre otras, ofrecer tres (3) fechas para la celebración de la *Conferencia con Antelación a Juicio*.

En esta ocasión, el tribunal de instancia ordenó que se le notificase a **PRTC**, a la siguiente dirección:

**Notifíquese a: Puerto Rico Telephone Company H/N/C Claro Puerto Rico Ave. Roosevelt 1515 Edificio Claro San Juan, Puerto Rico 00936.**

No obstante, el **30 de septiembre de 2025**, el TPI recibió devuelta —por parte del correo postal— la notificación de la referida *Resolución y Orden* que iba dirigida a **PRTC**.[39]

El **16 de octubre de 2025**, **PRTC, sin someterse a la jurisdicción,** radicó una *Moción de comparecencia especial y solicitud de nulidad de la resolución y orden al SUMAC #116*.[40] En síntesis, arguyó que ni la PRTC, ni su representación legal, fueron debidamente notificados de ningún otro incidente en el caso, hasta que los abogados le notificaron de una *Orden* el **9 de octubre de 2025**.[41] Por ende, solicitó que, ante la falta de jurisdicción, falta de notificación y reiteradas violaciones al debido proceso de ley, se declarara **nula** la *Resolución y Orden* del **19 de septiembre de 2025** mediante la cual se concedió el relevo de la *Sentencia Parcial* [SUMAC #116], por falta de jurisdicción del tribunal de instancia, falta de notificación adecuada y reiteradas violaciones al debido proceso de ley.

---

[39] Entrada Núm. 117 de SUMAC. Reza el diligenciamiento del correo postal de esta forma: ***RETURN TO SENDER NO SUCH NUMBER UNABLE TO FORWARD***.

[40] Entrada Núm. 119 de SUMAC.

[41] *Íd*. Ver correo electrónico del **9 de octubre de 2025** (2:31 PM) de la Lcda. Cristina M. Berrios González, dirigida, entre otros, al Lcdo. Iván Aponte Figueroa, abogado de **PRTC**.

El **20 de octubre de 2025**, el TPI emitió la *Resolución y Orden* recurrida,[42] la cual, declaró No Ha Lugar la *Moción de Comparecencia Especial y Solicitud de Nulidad de la Resolución y Orden al Sumac #116*, presentada por **PRTC**. En lo pertinente, resolvió:

> **No obstante[,] el hecho de que el Tribunal falló en notificar a Claro y/o a su abogado, No Ha Lugar.** (Énfasis nuestro)

> Por otro lado, el Tribunal no puede identificar la falta de investigación y la dilación de la parte demandante como un acto de incuria y dejadez, según alega Claro al inciso #64.[43]

Así, el **27 de octubre de 2025**, el tribunal de instancia emitió una *Orden* en la que señaló una vista para la *Conferencia con Antelación al Juicio* para el **9 de febrero de 2026**.[44] Sin embargo, el **5 de noviembre de 2025**, el TPI recibió del correo postal —RETURN TO SENDER NO SUCH NUMBER UNABLE TO **FORWARD** —, la notificación para la referida vista, ya que fue dirigida a la misma dirección errónea de la parte **PRTC**.[45]

Así las cosas, el **18 de noviembre de 2025**, **PRTC** instó la *Petición de Certiorari Civil* y nos señaló la comisión de los siguientes errores:

> **PRIMER ERROR:** ERRÓ EL TRIBUNAL DE PRIMERA INSTANCIA Y ABUSÓ DE SU DISCRECIÓN AL DICTAR RESOLUCIÓN Y ORDEN DECLARANDO "NO HA LUGAR" LA MOCIÓN DE COMPARECENCIA ESPECIAL Y SOLICITUD DE NULIDAD DE LA RESOLUCIÓN Y ORDEN AL SUMAC #116 PRESENTADA POR LA PUERTO RICO TELEPHONE COMPANY, INC., CUANDO EL PROCESO ESTUVO PLAGADO DE ACTOS QUE QUEBRANTAN EL DEBIDO PROCESO DE LEY.

> **SEGUNDO ERROR:** ERRÓ EL TRIBUNAL DE PRIMERA INSTANCIA Y ABUSÓ DE SU DISCRECIÓN, DADO A QUE AUN ADMITIENDO QUE "EL TRIBUNAL FALLÓ EN NOTIFICAR A CLARO Y/O A SU ABOGADO" PROCEDIÓ A DICTAR RESOLUCIÓN Y ORDEN, DESVIRTUANDO DE MANERA INFUNDADA, CONTRARIA A DERECHO, PREJUICIADA, PARCIALIZADA, DISCORDANTE Y DESACERTADA EL DERECHO VIGENTE.

---

[42] Entrada Núm. 121 de SUMAC. Notificada al día siguiente.

[43] Surge de los autos que la referida *Resolución y Orden* se le notificó al Lcdo. Iván Aponte Figueroa, representante legal de **PRTC**, vaponte@mapfrepr.com.

[44] Entrada Núm. 124 de SUMAC. Notificada el **27 de octubre de 2025** a los siguientes abogados y parte:
Ana Cristina Martínez Flores (ana.martinezflores@lumapr.com);
Antonio L. Iguina González (antonioiguina@gmail.com);
Cristina María Barrios González (cristina.barriosg@gmail.com);
Ernesto J. Miranda Matos (ernestojosemiranda@gmail.com);
**Puerto Rico Telephone Company h/n/c Claro Puerto Rico (Ave. Roosevelt 1515 Edificio Claro San Juan, Puerto Rico 00936)**;
Rubén E. Arroyo Brenes (rubenarroyobrenes@gmail.com).

[45] Entrada Núm. 126 de SUMAC.

**TERCER ERROR:** ERRÓ EL TRIBUNAL DE PRIMERA INSTANCIA AL INCURRIR EN ACTOS DE FRACASO A LA JUSTICIA AL NEGARSE A DECLARAR LA NULIDAD DEL PROCESO DE RELEVO DE SENTENCIA.

**CUARTO ERROR:** ERRÓ EL TRIBUNAL DE PRIMERA INSTANCIA Y ABUSÓ DE SU DISCRECIÓN AL IGNORAR LA LEY DE CASO Y SUS PROPIAS ACCIONES PREVIAS Y DETERMINAR QUE "EL TRIBUNAL NO PUEDE IDENTIFICAR LA FALTA DE INVESTIGACIÓN Y LA DILACIÓN DE LA PARTE DEMANDANTE COMO UN ACTO DE INCURIA Y DEJADEZ, SEGÚN ALEGA CLARO AL INCISO #64", CUANDO NO DEBE EXISTIR CONTROVERSIA SOBRE EL HECHO DE QUE AÚN LA PARTE DEMANDANTE-RECURRIDA CARECE DE PRUEBA OBJETIVA PARA ESTABLECER LA TITULARIDAD DEL CABLE QUE ALEGADAMENTE PROVOCÓ LA CAÍDA. (Énfasis suprimido)

El **1 de diciembre de 2025**, emitimos una *Resolución* en la cual concedimos a la **señora Rivera Rosado** un plazo de diez (10) días para presentar su postura con respecto al auto de *certiorari*.[46]

No habiendo recibido moción alguna de la **Recurrida**, procederemos a resolver sin su comparecencia.[47]

-II-

-A-

El auto de *certiorari* es un medio procesal de carácter discrecional que, a su vez, permite a un tribunal de mayor jerarquía revisar las determinaciones de un tribunal inferior.[48] Así, se entiende por discreción como el poder para decidir en una forma u otra; esto es, para escoger entre uno o varios cursos de acción.[49]

Por ello, la Regla 52.1 de Procedimiento Civil, delimita las instancias en que habremos de atender —*vía certiorari*— las resoluciones y órdenes emitidas por los tribunales de instancia:

---

[46] Dicha notificación fue efectuada a los siguientes a los siguientes abogados y parte:
Antonio L. Iguina González (antonioiguina@gmail.com);
Ernesto J. Miranda Matos (ernestojosemiranda@gmail.com);
Rubén E. Arroyo Brenes (rubenarroyobrenes@gmail.com);
Cristina María Barrios González (cristina.barriosg@gmail.com);
Ana Cristina Martínez Flores (ana.martinezflores@lumapr.com);
Iván Aponte Figueroa (vaponte@mapfrepr.com); y,
Triple S Propiedad, Inc. (Ave. Roosevelt 1510, San Juan, Puerto Rico, 00918).
[47] El **5 de diciembre de 2025**, recibimos devuelta —por parte del correo postal— la notificación de resolución dirigida a **Triple S**.
[48] *Mun. de Caguas v. JRO Construction,* 201 DPR 703, 711 (2019); *IG Builders et al. v. BBVAPR,* 185 DPR 307, 337 – 338 (2012).
[49] *García v. Asociación,* 165 DPR 311, 321 (2005).

> [E]l recurso de *certiorari* para revisar resoluciones u órdenes interlocutorias dictadas por el Tribunal de Primera Instancia, solamente será expedido por el Tribunal de Apelaciones cuando se recurra de una resolución u orden bajo las Reglas 56 y 57 <u>o de la denegatoria de una moción de carácter dispositivo</u>. No obstante, y por excepción a lo dispuesto anteriormente, el Tribunal de Apelaciones podrá revisar órdenes o resoluciones interlocutorias dictadas por el Tribunal de Primera Instancia cuando se recurra de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciarios, anotaciones de rebeldía, en casos de relaciones de familia, en casos que revistan interés público o en cualquier otra situación en la cual esperar a la apelación constituiría un fracaso irremediable de la justicia. Al denegar la expedición de un recurso de *certiorari* en estos casos, el Tribunal de Apelaciones no tiene que fundamentar su decisión. [...].[50]

Bajo el carácter de discrecionalidad, la Regla 40 del Reglamento de este Tribunal de Apelaciones establece los siguientes criterios para mostrar causa o para la expedición del auto de *certiorari:*

(A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.

(B) Si la situación de hechos planteada es la más indicada para el análisis del problema.

(C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.

(D) Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.

(E) Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.

(F) Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

(G) Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.[51]

En consecuencia, el Tribunal Supremo de Puerto Rico ha dispuesto que:

> [d]e ordinario, no se intervendrá con el ejercicio de discreción de los tribunales de instancia, salvo que se demuestre que hubo un craso abuso de discreción, o que el tribunal actuó con prejuicio o parcialidad, o que se equivocó en la interpretación o aplicación de cualquier norma procesal o de derecho sustantivo, y que nuestra intervención en esa etapa evitará un perjuicio sustancial.[52]

De manera, que si la actuación del foro recurrido no está desprovista de base razonable —ni perjudica los derechos sustanciales de las partes—

---

[50] Regla 52.1 de las Reglas de Procedimiento Civil 2009, 32 LPRA Ap. V., R. 52.1. Énfasis nuestro.

[51] Regla 40 del Reglamento del Tribunal de Apelaciones, según enmendada, *In re Aprob. Enmdas. Reglamento TA*, 2025 TSPR 145, págs. 63, 216 DPR __ (2025).

[52] *Zorniak Air Services v. Cessna Aircraft Co.*, 132 DPR 170, 181 (1992); *Lluch v. España Service Sta.*, 117 DPR 729, 745 (1986).

deberá prevalecer el criterio del juez de instancia a quien le corresponde la dirección del proceso.[53]

**-B-**

La Sección 7 del Artículo II de la Constitución de Puerto Rico,[54] al igual que las Enmiendas V y XIV de la Constitución de los Estados Unidos de América,[55] garantizan que ninguna persona sea privada de su libertad o propiedad sin el debido proceso de ley. El debido proceso de ley en su vertiente procesal garantiza que la interferencia con los intereses de propiedad del individuo se haga a través de un procedimiento que sea justo y equitativo.[56]

En reiteradas ocasiones se ha expresado que el debido proceso de ley exige que todo procedimiento adversativo cumpla con ciertos requisitos: **(1) notificación adecuada de la reclamación presentada**; (2) proceso ante un juez imparcial; (3) oportunidad de ser oído; (4) derecho a contrainterrogar testigos y examinar evidencia presentada en su contra; (5) tener asistencia de abogado, y (6) que la decisión se fundamente en el expediente.[57]

Por su parte, las Reglas de Procedimiento Civil establecen como se deben notificar las **órdenes**, **resoluciones** y **sentencias**.[58] Específicamente, la Regla 65.3 de Procedimiento Civil, en sus incisos (a) y (b), dispone la forma en que el Secretario del Tribunal notificará una orden, resolución o sentencia a las partes comparecientes en un pleito:

(a) Inmediatamente después de archivarse en autos copia de la notificación del registro y archivo de una **orden**, **resolución** o **sentencia**, el Secretario o la Secretaria notificará tal archivo en la misma fecha a todas las partes que hayan comparecido en el pleito en la forma preceptuada en la Regla 67. El depósito de la notificación en el correo será aviso suficiente a todos los fines

---

[53] *SLG Zapata- Rivera v. JF Montalvo,* 189 DPR 414, 434 – 435 (2013).
[54] Art. II, Sec. 7, Const. ELA, LPRA, Tomo 1.
[55] Emdas. V & XIV, Const. EE.UU., LPRA, Tomo 1.
[56] *Picorelli López v. Depto. de Hacienda,* 179 DPR 720, 735-736 (2010); *Rivera Rodríguez & Co. v. Lee Stowell, etc.,* 133 DPR 881, 887–888 (1993).
[57] *Román Ortiz v. Oficina de Gerencia de Permisos,* 203 DPR 947, 954 (2020); *Hernández González v. Srio. De Transportación y Obras Públicas,* 164 DPR 390 (2005); *Rivera Rodríguez & Co. v. Lee Stowell, etc., supra,* pág. 889.
[58] Reglas de Procedimiento Civil de 2009, 32 LPRA Ap. V.

para los cuales estas reglas requieran una notificación del archivo en autos de una orden, resolución o sentencia.

(b) El Secretario o Secretaria notificará a la última dirección que se haya consignado en el expediente por la parte que se autorrepresenta o a la dirección del abogado o abogada que surge del registro del Tribunal Supremo para recibir notificaciones, en cumplimiento con la Regla 9 de este apéndice, toda orden, resolución o sentencia que de acuerdo con sus términos deba notificarse a las partes que hayan comparecido en el pleito.[59]

En lo pertinente, es mediante el emplazamiento **o notificación que se cumple con el requisito de notificación adecuada de la reclamación presentada.**[60]

Es decir, la notificación adecuada **es efectiva <u>cuando es enviada a la dirección correcta</u> y es realizada a través de los mecanismos autorizados**.[61]

En ese sentido —y a tono con nuestra jurisprudencia— se ha definido el término jurisdicción como el poder o la autoridad que posee un tribunal para considerar y decidir sobre un caso o controversia.[62]

Sabido es que, constituye un principio de derecho reiterado, que la notificación en general de las determinaciones judiciales forma parte importante del debido proceso de ley. El Tribunal Supremo ha dejado meridianamente claro que:

> De forma reiterada hemos apuntalado que **el deber de notificar a las partes no constituye un mero requisito** (...) **La falta de una debida notificación** podría afectar el derecho de una parte a cuestionar el dictamen emitido y **debilita las garantías del debido proceso de ley.**[63]

El Tribunal Supremo de Puerto Rico ha sido enfático en que *los tribunales deben proteger su propia jurisdicción.* Es norma reconocida que

---

[59] 32 LPRA Ap. V., R. 65.3 (a)(b).
[60] Véase, *Vendrell López v. AEE,* 199 DPR 352, 359 (2017); *León v. Rest. El Tropical,* 154 DPR 249 (2001); *Rodríguez v. Nasrallah,* 118 DPR 93 (1986).
[61] *Román Ortiz v. Oficina de Gerencia de Permisos, supra,* pág. 956. Véase, además, *Ortiz v. ARPe,* 146 DPR 720, 723-724 (1998).
[62] *González v. Mayagüez Resort & Casino,* 176 DPR 848, 854 (2009); *ASG v. Mun. San Juan,* 168 DPR 337, 343 (2006).
[63] *Plan Salud Unión v. Seaboard Sur. Corp.,* 182 DPR 714, 722 (2011), citando a *Dávila Pollock et als. V. R.F. Mortgage,* 182 DPR 86, 94 (2011).

las cuestiones relativas a la jurisdicción de los tribunales para atender los recursos ante su consideración constituyen materia privilegiada.[64]

Por ello, es norma reiterada en nuestro ordenamiento, que: *"los tribunales deben ser celosos guardianes de su jurisdicción y que no tienen discreción para asumir jurisdicción allí donde no la tienen"*.[65]

Ante la falta de jurisdicción, el tribunal debe así declararlo y proceder a la desestimación del recurso, toda vez que cualquier sentencia dictada sin jurisdicción es nula en derecho, pues la ausencia de esta es insubsanable.[66] Quiere decir que, **si una sentencia se dicta sin jurisdicción, el tribunal estará obligado a declararla nula y relevar a la parte afectada de los efectos de dicha sentencia**.[67]

En otras palabras, **una sentencia dictada sin jurisdicción por un tribunal es una sentencia nula en derecho y, por lo tanto, inexistente**.[68] Cuando una sentencia es nula, nunca tuvo eficacia, ni advino a la vida jurídica, es decir, no existió como cuestión de derecho.[69]

En estos casos, el tribunal, *motu proprio* o a petición de una parte interesada, puede dejar sin efecto en cualquier momento la sentencia así decretada, ya que una sentencia nula es inexistente y, por lo tanto, no tiene ningún efecto jurídico.[70]

### -III-

En síntesis, la **PRTC** argumenta que el tribunal de instancia incidió al: **(1)** declarar No Ha Lugar a la *Moción de comparecencia especial y solicitud de nulidad de la Resolución y Orden al SUMAC #116,* presentada por la **Peticionaria**; **(2)** dictar *Resolución y Orden*, a pesar de haber admitido que el tribunal falló en notificar a **PRTC** y a su abogado; **(3)**

---

[64] *AAA v. Unión Abo. AAA,* 158 DPR 273, 279 (2002).
[65] *Peerless Oil v. Hnos. Torres Pérez,* 186 DPR 239, 250 (2012); *S.L.G. Szendrey-Ramos v. F. Castillo,* 169 DPR 873, 882 (2007).
[66] *Shell v. Srio. Hacienda,* 187 DPR 109, 123 (2012).
[67] *Montañez v. Policía de Puerto Rico,* 150 DPR 917, 921-922 (2000).
[68] *Íd.*
[69] *Íd.*
[70] *Bco. Santander P.R. v. Fajardo Farms Corp.*, 141 DPR 237, 244 (1996).

negarse a declarar nulo el proceso de relevo de sentencia; y, **(4)** determinar que el tribunal no puede identificar la falta de investigación y la dilación de la **Recurrida** como un acto de incuria y dejadez.

Aunque encaramos cuatro (4) señalamiento de errores, se devela una controversia que se decanta por el tema de la notificación adecuada y la falta de jurisdicción sobre la persona de **PRTC**. Por lo tanto, procederemos a discutir los referidos errores en conjunto.

**En primer orden**, el **6 de agosto de 2024**, el tribunal de instancia emitió una *Sentencia Parcial*, en la cual concedió una *Solicitud de desestimación parcial y/o sentencia sumaria*, presentada por **PRTC**.[71] De este modo, desestimó con perjuicio la demanda presentada por la **señora Rivera Rosario** en contra de la **Peticionaria**.

Advenida final y firme la referida *Sentencia Parcial*, el **3 de octubre de 2024**,[72] el TPI emitió una *Orden* en la que autorizó el cese de notificaciones a **PRTC**.[73] Como consecuencia, la **Peticionaria** se volvió un ente ajeno a los procedimientos que continuaron su curso en el tribunal de instancia.

**En segundo orden**, el **4 de diciembre de 2024**, la **señora Rivera Rosado** radicó una *Moción solicitando relevo de sentencia*, para que **PRTC** regresare nuevamente al pleito y respondiera ante los daños sufridos por la **Recurrida**.[74] Sin embargo, surge del expediente que la **señora Rivera Rosado** no le notificó a la **Peticionaria** la presentación de dicha moción. Por lo cual, **PRTC** no fue notificada de esa moción.

Consecuentemente, la *Orden* emitida por el TPI el **10 de diciembre de 2024**,[75] le concedió a las partes un término de veinte (20) días para oponerse a la referida *Moción solicitando relevo de sentencia*. Sin embargo,

---

[71] Entrada Núm. 71 de SUMAC. Véase, además, Entrada Núm. 42 de SUMAC.
[72] Notificado al día siguiente.
[73] Entrada Núm. 73 y 75 de SUMAC.
[74] Entrada Núm. 79 de SUMAC.
[75] Entrada Núm. 80 de SUMAC.

dicha *Orden* tampoco le fue notificada a la **Peticionaria**, razón por la cual, no presentó su oposición.

Evidentemente, el debido proceso de ley de **PRTC** se vio afectado ante la ausencia reiterada de una notificación adecuada. Por lo que esta parte no se enteró ni pudo reaccionar a las siguientes órdenes, resoluciones y mociones:

1. A la *Orden* emitida el **16 de enero de 2025**, por el TPI.[76]
2. A la *Solicitud de sentencia sumaria parcial*, presentada el **1 de mayo de 2025**, por **Liberty**.[77]
3. A la *Oposición a "solicitud de sentencia sumaria parcial" y solicitud de relevo de la sentencia sumaria parcial dictada a favor de la Puerto Rico Telephone Company h/n/c Claro*, presentada el **22 de mayo de 2025**, por la **señora Rivera Rosado**.[78]
4. A la *Resolución* del **19 de junio de 2025**, emitida por el TPI,[79] en la que declaró No ha lugar la *Solicitud de sentencia sumaria parcial* presentada por **Liberty** y ordenó la continuación de los procedimientos.
5. A la vista de la *Conferencia con Antelación al Juicio* celebrada el **19 de septiembre de 2025**.[80]
6. A la *Resolución y Orden*, dictada por el TPI el **19 de septiembre de 2025**,[81] en la que concedió la *Moción Solicitando Relevo de Sentencia* y **se dejó sin efecto** la *Sentencia Parcial* notificada el 7 de agosto de 2024 (SUMAC #71), y la *Orden* notificada el 4 de octubre de 2024 (SUMAC #74) sobre *Solicitud de Orden de Cese de Notificaciones* presentada por **PRTC**. Cabe destacar que en esta ocasión el tribunal de instancia ordenó que se le notificase a **PRTC**, a la siguiente dirección: **Puerto Rico Telephone Company H/N/C Claro Puerto Rico Ave. Roosevelt 1515 Edificio Claro San Juan, Puerto Rico 00936.** No obstante, el **30 de septiembre de 2025**, le fue devuelta por parte del correo postal.[82]

**En tercer orden**, lo antes dicho, provocó que el **16 de octubre de 2025**, **PRTC** presentara una *Moción de Comparecencia Especial y Solicitud de Nulidad de la Resolución y Orden al Sumac #116*,[83] por la falta de jurisdicción del TPI sobre la **Peticionaria**, ante la ausencia de una notificación adecuada que evitara las continuas violaciones a su debido proceso de ley. Sin embargo, el TPI la declaró No ha lugar, a pesar de que

---

[76] Entrada Núm. 82 de SUMAC.
[77] Entrada Núm. 93 de SUMAC.
[78] Entrada Núm. 99 de SUMAC.
[79] Notificada al día siguiente. Entrada Núm. 102 de SUMAC.
[80] Entrada Núm. 115 de SUMAC. Allí, comparecieron el Lcdo. Ernesto J. Miranda Matos en representación de la **señora Rivera Rosario**; la Lcda. Cristina M. Barrios González en representación de **Liberty** y la Lcda. Ana C. Martínez Flores en representación de **Luma**.
[81] Entrada Núm. 116 de SUMAC.
[82] Entrada Núm. 117 de SUMAC. Reza el diligenciamiento del correo postal de esta forma: ***RETURN TO SENDER NO SUCH NUMBER UNABLE TO FORWARD***.
[83] Entrada Núm. 119 de SUMAC.

reconoció que no notificó a **PRTC** ni a su abogado sobre las determinaciones tomadas.[84]

A todas luces, el TPI erró al no reconocer que carecía de jurisdicción sobre la persona de **PRTC** por la falta de notificación adecuada, antes descritas. Por lo que resulta forzoso concluir que, la *Resolución y Orden* recurrida (Entrada Núm. 116 de SUMAC), es nula y el tribunal de instancia no tiene jurisdicción alguna sobre la **Peticionaria**.

Resuelto lo anterior, procedemos a **expedir** el auto de *certiorari* solicitado y a **revocar** la *Resolución y Orden* recurrida [Entrada Núm. 116 de SUMAC]. En consecuencia, se devuelve el caso al tribunal de instancia para la continuación de los procedimientos, conforme a lo aquí resuelto.

**-IV-**

Por los fundamentos antes expuestos, **expedimos** el recurso de *certiorari* y **revocamos** la *Resolución y Orden* recurrida.

**Notifíquese inmediatamente**.

Lo pronunció y manda el Tribunal y lo certifica su Secretaria.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones

---

[84] Entrada Núm. 121 de SUMAC. La *Resolución y Orden* recurrida se emitió el 20 de octubre de 2025, y se notificó al día siguiente.